Hillsborough,
No. 4513.

OSCAR PRATTE d/b/a JOY BAR MUSIC CO.

*v.*

SPIROS A. BALATSOS d/b/a JOY BAR LUNCHEONETTE.

Argued April 2, 1957.
Decided May 23, 1957.

*Ernest R. D'Amours* (by brief and orally), for the plaintiff.

*Wyman, Starr, Booth, Wadleigh & Langdell* and *Stanton E. Tefft* (*Mr. Tefft* orally), for the defendant.

BLANDIN, J. The defendant urges in effect that we overrule our previous opinion (*Pratte* v. *Balatsos,* 99 N. H. 430), and in so doing he relies mainly on an article on "Equitable Servitudes and Chattels" by Zechariah Chafee, Jr., 69 Harv. L. Rev. 1250, discussing the *Pratte* case. Re-examination of the decision in the light of the article convinces us there is no reason to do so. In an earlier article by the same author on the same subject, he said: "On general principles equitable servitudes on chattels seem a reasonable and flexible device, which the courts might use when desirable." 41 Harv. L. Rev. 945, 1007. Again, he asserted that the doctrine of equitable servitudes on chattels "is a legitimate tool in the judicial equipment, ready for use when desirable." *Id.,* 987. Nowhere in his later article which the defendant cites does he disavow these statements. Even there, in regard to the *Pratte* case, he expressly states: "My criticism is not based on the outcome." 69 Harv. L. Rev. *supra,* 1262. With reference to the wisdom of the policy established by that decision, he contents himself with observing, "I am not saying whether the right answer is 'Yes' or 'No,' but only venture to regret that the New Hampshire opinion never asked this question at all." *Id.,* 1258. In conclusion, he concedes that the arguments which he has marshaled against the enforcement of an equitable servitude in this case "may not be sufficient to override the sacredness of contracts." *Id.,* 1264. In short, the authority upon which the defendant places chief reliance seems to us to support in principle the doctrine of equitable servitude applied in the *Pratte* case and to express merely a regret that our opinion did not discuss more fully the policy factors involved. *Id.,* 1258.

The issues presented by the exceptions relate to the finding of the Trial Court following the decision of this court and the denial of certain of the defendant's requests. The record fully supports the Court's finding that the defendant's knowledge was sufficient to put him on inquiry as to the terms of the agreement and that inquiry would have disclosed the terms. Accordingly the defendant takes nothing by these exceptions.

His final argument that the burden created was "in the nature of a lease" and therefore should have been recorded under RSA 477:7 does not now require extended consideration. This issue was decided adversely to the defendant on the previous transfer. *Pratte* v. *Balatsos*, 99 N. H. 430, 432, 433. An examination of the record disclosing no further exception of merit, the order is

*Decree affirmed.*

WHEELER, J., took no part in the decision; KENISON, C. J., concurred specially; the others concurred.

KENISON, C. J., *concurring specially.* I did not agree with the decision in *Pratte* v. *Balatsos*, 99 N. H. 430, 436, the baleful implications of which were to me convincingly explored by an authority in equity. Chafee, "The Music Goes Round and Round: Equitable Servitudes and Chattels," 69 Harv. L. Rev. 1250 (1956). However, that decision is now reaffirmed as the law of this state and compels my concurrence in this case solely for that reason.